UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-39-EBA

JOSEPH TURNER,                                                                                    PLAINTIFF,

V.     **MEMORANDUM OPINION
     & ORDER**

MICKEY GONTERMAN, ET AL.,                                                            DEFENDANTS.

## I. INTRODUCTION

This matter is before the undersigned by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1). [R. 9]. This matter is currently before the Court on the Defendant's Motion to Dismiss for Failure to Cooperate in Discovery. [R. 12]. Having considered the matter fully, and for the reasons stated fully herein, the Defendant's Motion to Dismiss [R. 12] is granted.

## II. PROCEDURAL HISTORY

The present action was initiated by the Plaintiff in the Trimble Circuit Court, via a Complaint filed on May 29, 2007. [R. 1, Attach. 2 at 1]. The action was removed to the United States District Court for the Eastern District of Kentucky on June 15, 2007. [R. 1]. The case was initially assigned to U.S. District Judge Karen K. Caldwell; the parties subsequently consented to the jurisdiction of the undersigned, and the case was reassigned on April 16, 2008. [R. 9, 10].

The parties submitted a report under Fed. R. Civ. P. 26(f), the deadlines therein were incorporated into the Court's Scheduling Order entered on April 25, 2008. [R. 7, 11]. The parties had agreed to make all disclosures under Fed. R. Civ. P. 26(a)(1) on or before March 15, 2008, and

to complete all discovery by October 15, 2008. [R. 7 at 1-2; R. 11 at 1-2]. The Court assigned this matter for the following court dates: a status conference on October 10, 2008; a pre-trial conference on January 26, 2009; and jury trial on February 23, 2009. [R. 11 at 2-5].

After the entry of the scheduling order, no filings were made with the Court until September 29, 2008, when the Defendants filed a Motion to Dismiss for Failure to Cooperate in Discovery. [R. 12]. The Defendants alleged therein that the Plaintiff had failed to make the initial disclosures that were supposed to have been made in March, and had failed to respond to interrogatories and a request for production of documents that had been served in July. [Id. at 1]. The Court ordered that the Motion to Dismiss be addressed by counsel at the status conference set for October 10, 2008. [R. 13]. The conference was held telephonically on October 10, 2008, and Marc Bryant, counsel for the Plaintiff failed to appear. The Court entered a show cause order, giving Mr. Bryant two weeks to show cause for his failure to appear. [R. 14].

Counsel did not comply with the Court's order to show cause, and on November 6, 2008, the undersigned entered an order stating that "failure to file a Response [to the Motion to Dismiss] as directed by November 26, 2008, may result in the issuance of sanctions, including possible dismissal of this action." [R. 15 at 1]. A copy of the order was sent via standard mail to the Plaintiff. [Id. at 2]. On December 1, 2008, Plaintiff's counsel filed a Response to the Order to Show Cause [R. 18], wherein he chronicled a long series of serious medical ailments that had affected him since the outset of the case. Counsel requested that the case be permitted to move forward, and stated that he had completed discovery, and would have the opportunity to mail it out the next day. [Id. at 2-3].

The Court set the case for a status conference on January 26, 2009, and ordered that the Plaintiff personally appear; a copy of the order was sent via standard mail to the Plaintiff. [R. 19].

Ultimately, the status conference was converted to a telephonic conference, and Mr. Bryant appeared on behalf of the Plaintiff.[1] At the January 26, 2009 status conference, Mr. Bryant informed the Court that he had been suspended from the practice of law by the Kentucky Supreme Court. [R. 21]. He was ordered to inform his client of the suspension, and the Court granted the Plaintiff thirty (30) days to secure additional or substitute counsel; a copy of the order was sent to the Plaintiff via standard mail. [Id.]. In the same order, the Court set the matter for a telephonic conference on February 27, 2009. [Id.].

The Court was subsequently informed that Mr. Bryant had been suspended from the practice of law in the Eastern District of Kentucky, by Order of Chief Judge Jennifer B. Coffman. [See Clerk's Note, dated February 20, 2009]. Upon learning of this information, the Court cancelled the telephonic conference and, in an order dated February 24, 2009, stated as follows:

> On or before MARCH 6, 2009, the Plaintiff shall secure substitute counsel in this matter, or shall file a notice with the Clerk of the Court that he intends to proceed without the assistance of an attorney. The Plaintiff is warned that if substitute counsel has not made an entry of appearance in this matter by March 6, 2009, or the Plaintiff has failed to file notice of intent to proceed *pro se*, the Court may dismiss this action.

[R. 22]. A copy of the order was sent to the Plaintiff via standard mail. [Id.]. As of the date of this order, the Plaintiff has not filed any response to the Court's orders of January 26 and February 24, nor has anyone filed a entry of appearance on his behalf.[2]

---

[1] The matter was converted due to weather conditions, and the Plaintiff's non-appearance at the telephonic conference was excused by the Court.

[2] On March 17, 2009, the undersigned's chambers received a faxed correspondence from Mr. Bryant, who is currently under suspension in the Eastern District of Kentucky, which he represents was also sent to counsel for the Defendants. In said correspondence, Mr. Bryant indicates that the Plaintiff has found another attorney, but that the attorney is having difficulty making an entry of appearance. This correspondence, not from the Plaintiff, and not on the

III. ANALYSIS

This matter is before the undersigned on the Defendants' Motion to Dismiss for Failure to Cooperate in Discovery. [R. 12]. The first ground asserted by the Defendants is that the Plaintiff has failed to make the initial disclosures required by Rule 26(a). [Id. at 1]. The Defendants cite Rule 37 of the Federal Rules of Civil Procedure, which provides as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A)  may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B)  may inform the jury of the party's failure; and
> (C)  may impose other appropriate sanctions, including *any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)*.

Fed. R. Civ. P. 37(c)(1) (emphasis added). The Defendants' second ground is that the Plaintiff failed to respond to interrogatories, and is thus subject to sanctions, which would include:

> *any of the orders listed in Rule 37(b)(2)(A)(i)-(iv)*. Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3) (emphasis added). The list contained in Rule 37(b)(2)(A) provides for multiple levels of sanctions for failure to comply with court orders, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

As of the date of this order, there is no indication on the record that the Plaintiff has provided his Rule 26(a) disclosures, or that he has provided responses to interrogatories that were served in

---

record, is patently insufficient to meet the requirements set forth in the Court's prior orders.

July, 2008. Under Rule 37, both of these discovery violations are sufficient to warrant the imposition of sanctions. Furthermore, the Plaintiff has failed to comply with the Court's orders of January 26, 2009 and February 24, 2009, which ordered him to retain substitute counsel in this matter. [Rs. 21, 22]. The order filed on February 24 is abundantly clear:

> On or before MARCH 6, 2009, the Plaintiff shall secure substitute counsel in this matter, or shall file a notice with the Clerk of the Court that he intends to proceed without the assistance of an attorney. *The Plaintiff is warned that if substitute counsel has not made an entry of appearance in this matter by March 6, 2009*, or the Plaintiff has failed to file notice of intent to proceed *pro se*, the Court may dismiss this action.

[R. 22] (emphasis added). The deadline of March 6, 2009 was actually an extension of the earlire deadline set by the Court in the January 26, 2009 order, which had given the Plaintiff thirty (30) days to secure counsel. [R. 21]. As of the date of this opinion, the Plaintiff still has not complied with the Court's orders.

When considering whether to dismiss a case for discovery violations under Rule 37, the Court must consider four factors:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."

Harmon v. CSX Transp., Inc., 110 F.3d 364, 366-67 (6th Cir. 1997) *citing* Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988). The Sixth Circuit Court of Appeals has noted that "[d]ismissal is *usually* inappropriate where the neglect is solely the fault of the attorney." Harmon, 110 F.3d at 367, *citing* Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980)(per curiam). The Court will examine the factors to determine whether dismissal is an appropriate sanction in the present case.

As to the first factor, the willfulness of the failure to cooperate, the Sixth Circuit has held that "'dismissal of an action for an attorney's failure to comply' should only be ordered where there is 'a clear record of delay or contumacious conduct.'" Harmon, 110 F.3d at 367, *citing* Carter, 636 F.2d at 161. The undersigned finds that the combined conduct of Plaintiff and his counsel has established a "clear record of delay" and the type of contumacious, disobedient conduct discussed in Harmon. For example, the Rule 26(a) disclosures in this case were supposed to be exchanged on or before March 15, 2008 [R. 11], and over a year later it appears from the record that the Plaintiff has still not provided the disclosures. In addition, the Plaintiff has still failed to respond to interrogatories that were propounded in July of 2008. [R. 12]. The Plaintiff was personally sent a copy of the Court's order of November 6, 2008, which put him on notice that his attorney's lack of action could result in dismissal of his case. [R. 15]. The Plaintiff was also personally sent the Court's orders of January 26, 2009 and February 24, 2009, both of which ordered him to secure new counsel, and which afforded him the opportunity to proceed *pro se*. [Rs. 21, 22]. Despite the passage of nearly two months, the Plaintiff has not complied with these Court orders. At this juncture, and considering the history of the case and lack of response to the orders of this Court, the undersigned finds that the conduct in this case is willful.

The second factor to be considered is whether there was prejudice to the adverse party. The Court finds that the Defendants have been prejudiced by the Plaintiff's complete failure to engage in the discovery process. In addition to numerous demands for the information, the Defendants have been forced to file a Motion to Dismiss [R. 12], as well as a Motion to Set Aside [R. 16] due to the Plaintiff's delays. The lengthy delay in this case has forced the Defendants "to expend time and money chasing information that has not been produced and that the Plaintiffs are legally obligated

to provide." American International South Ins. Co. v. Caterpillar, Inc., 7:05-198-GFVT, 2006 WL 1117682 at *3 (E.D. Ky. April 26, 2006) *citing* Moses v. Sterling Commerce (America), Inc., 122 Fed. Appx. 177, 183 (6th Cir. 2005). In addition to devoting time and resources to trying to get the required materials, the Defendants have been prejudiced in their ability to comply with the Court's Scheduling Order [R. 11] and to conduct basic discovery in the case, such as scheduling depositions of the Plaintiff and his witnesses. See Bryant v. U.S. ex rel U.S. Postal Service, 166 Fed. Appx. 207, 211 (6th Cir. 2006); see also, United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002); Cullop v. Land Resource Co., 2:06-207, 2008 WL 185552 (E.D. Tenn. Jan. 16, 2008).

The third factor to be analyzed is whether the Court warned the Plaintiff that dismissal was a possible sanction of failing to cooperate. This Court has, on two separate occasions, sent orders to the Plaintiff warning him that dismissal of this action could occur if he and his attorney failed to obey the orders of the Court. Orders entered on November 6, 2008 [R. 15] and February 24, 2009 [R. 22] both expressly stated that dismissal was a possible sanction for failure to comply. Thus, the Plaintiff has been sufficiently warned that dismissal of this action could occur.

The final factor is whether less drastic sanctions were considered or imposed by the Court prior to ordering dismissal. It should be noted that the Sixth Circuit has "never held that a district court is without power to dismiss a complaint, as the first and only sanction." Harmon, 110 F.3d at 368. The undersigned has considered whether less drastic sanctions would be appropriate in the present case, and find that they would not. See American International South Ins. Co. v. Caterpillar, Inc., 7:05-198-GFVT, 2006 WL 1117682 at *3 (E.D. Ky. April 26, 2006). The record shows repeated, continuing violations of court orders, and the Plaintiff himself has failed to respond to the most recent order of the Court. The undersigned finds that dismissal without prejudice is warranted

7

on the facts, and that other sanctions would be ineffective. See Roney v. Starwood Hotels & Resorts Worldwide, Inc., 236 F.R.D. 346, 348 (E.D. Mich. 2006), Cullop, *supra*, 2008 WL 185552 at *2.

## IV. CONCLUSION

The Court being fully advised, and for the reasons stated above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1) The Defendant's Motion to Dismiss for Failure to Cooperate in Discovery [R. 12] is GRANTED.

(2) This matter is DISMISSED WITHOUT PREJUDICE.

(3) The Clerk of the Court shall send a copy of this order to the Plaintiff, Joseph Turner, via standard mail.

Signed March 20, 2009.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge